UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEANICE NETZEL, <br> JON GUNNERSON, and <br> STEVE MALASHOCK, <br><br> Plaintiffs, <br><br> vs. <br><br> FEDERATED DEPARTMENT STORES, INC., <br> a Delaware Corporation, <br><br> Serve: <br> Federated Department Stores, Inc. <br> Richard A. Brickson <br> 611 Olive Street <br> St. Louis, MO 63101 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

COME NOW Plaintiffs Jeanice Netzel, Jon Gunnerson, and Steve Malashock, and for their causes of action against Defendant Federated Department Stores, Inc., state as follows:

### JURISDICTION AND VENUE

1. Plaintiff Jeanice Netzel (hereinafter "Netzel") is a citizen of the State of Texas.

2. Plaintiff Jon Gunnerson (hereinafter "Gunnerson") is a citizen of the State of Texas.

3. Plaintiff Steve Malashock (hereinafter "Malashock") is a citizen of the State of Texas.

4. Defendant Federated Department Stores, Inc. is a Delaware corporation with its principal place of business in Ohio.

5. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that Plaintiffs Netzel, Gunnerson, and Malashock are citizens of the State of Texas, Defendant

Federated Department Stores, Inc. is a citizen of Delaware and Ohio, and the amount in controversy as to each plaintiff in this matter exceeds $75,000, exclusive of interest and costs.

6. The Court also has personal jurisdiction over Defendant in that Defendant has transacted business within the State of Missouri and entered into one or more contracts within Missouri including the employment contracts which are at issue in this action. RSMo. § 506.500 and Rule 4 FRCP. Further, the agreements between the Plaintiffs and Defendant contain choice of law and forum selection provisions stating that the contractual relationships will be governed and construed in accordance with the laws of the State of Missouri and that any action arising out of or relating to the agreements will be filed exclusively in any state court or federal court in the City or County of St. Louis in the State of Missouri.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and E.D.Mo. L.R. 2.07(A)(1), as a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in the City of St. Louis in the State of Missouri.

## PARTIES AND FACTUAL BACKGROUND

8. Until it ceased to exist by reason of merger on or about August 30, 2005, May Department Stores Company ("May") was a Delaware corporation authorized to do business in Missouri.

9. Defendant Federated Department Stores, Inc. ("Federated") is a retail company operating department stores that sell a wide range of merchandise. Defendant Federated operates about 868 retail stores in 45 states under the names Macy's and Bloomingdales.

10. On or about August 30, 2005, May merged with Federated and Federated succeeded to all of May's contractual obligations to Plaintiffs Netzel, Gunnerson, and Malashock that are the subject of this Complaint.

11. Federated is the existing successor by merger to the contractual obligations of May to Plaintiffs Netzel, Gunnerson, and Malashock that are the subject of this Complaint.

12. Netzel was employed by May as Divisional Vice President – Divisional Merchandise Manager of its Foley's Division from May 1, 2002 to May 1, 2006 when she was terminated without cause.

13. Gunnerson was employed by May as Senior Vice President – General Merchandise Manager of its Kaufmann's Division beginning on February 2, 1998. Subsequently, Gunnerson continued his employment by May as Senior Vice President – General Merchandise Manager of its Foley's Division from June 15, 2002 to May 1, 2006 when he was terminated without cause.

14. Malashock was employed by May as Senior Vice President – MIS/Replenishment/Seasonal Planning of its Foley's Division from July 9, 1998 to September 1, 2006 when he was terminated without cause.

15. On or about May 1, 2002, Netzel and May executed a two-year employment agreement ("Netzel's Employment Agreement") that is attached hereto and incorporated herein by reference as "Exhibit A." Netzel and May executed three amendments to Netzel's Employment Agreement to extend the contract term. The final amendment is attached hereto and incorporated herein by reference as "Exhibit B."

16. On or about February 2, 1998, Gunnerson and May executed an employment agreement ("Gunnerson's Employment Agreement") that is attached hereto and incorporated herein by reference as "Exhibit C." Under Gunnerson's Employment Agreement, the contract term lasted from February 2, 1998 to April 30, 2001. Gunnerson and May executed several amendments to Gunnerson's Employment Agreement to extend the contract term – the final amendment extended the contract term until April 30, 2007. This amendment is attached hereto and incorporated herein by reference as "Exhibit D."

17. On or about July 9, 1998, Malashock and May executed an employment agreement ("Malashock Employment Agreement") that is attached hereto and incorporated herein by reference as "Exhibit E." Under Malashock's Employment Agreement, the contract term lasted from July 9,

1998 to April 30, 2001. Malashock and May executed several amendments to Malashock's Employment Agreement to extend the contract term – the final amendment extended the contract term until April 30, 2007. This amendment is attached hereto and incorporated herein by reference as "Exhibit F."

18. Paragraph 4(c) of Netzel, Gunnerson, and Malashock's Employment Agreements provide, *inter alia*, as follows:

> 4. Termination of Employment.
>
> (c) If your employment is terminated by May without Cause, then
>
> (vi) notwithstanding the foregoing, the minimum amount payable to you upon your termination shall be your basic compensation for the period during which your post-termination obligations under Paragraph 5 are in force.

19. Paragraph 5 of Netzel's Employment Agreement provides that for six months after termination of employment the employee will not "be employed by or connected in any manner with any Competing Business," as that is defined in paragraph 5(b).

20. Paragraph 5 of Gunnerson's Employment Agreement provides that for one year after termination of employment the employee will not "be employed by or connected in any manner with any Competing Business," as that is defined in paragraph 5(b).

21. Paragraph 5 of Malashock's Employment Agreement provides that for one year after termination of employment the employee will not "be employed by or connected in any manner with any Competing Business," as that is defined in paragraph 5(b).

22. Netzel's "basic compensation" under her Employment Agreement at the time she was terminated by Federated was $201,500. Following her termination without cause, Netzel was paid one month of basic compensation by Federated of the six months of basic compensation due under her Employment Agreement. Consequently, the sum of her basic compensation for the five-month period following her termination without cause is approximately $84,000.

23. Gunnerson's "basic compensation" under his Employment Agreement at the time he was terminated by Federated was $353,600. Following his termination without cause, Gunnerson was paid one month of basic compensation by Federated of the twelve months of basic compensation due under his Employment Agreement. Consequently, the sum of his basic compensation for the eleven-month period following his termination without cause is $331,191.59.

24. Malashock's "basic compensation" under his Employment Agreement at the time he was terminated by Federated was $360,000. Following his termination without cause, Malashock was not paid his basic compensation of $360,000.

25. Following her termination without cause by Federated, Netzel accepted an offer of employment by Stage Stores, Inc.

26. Following his termination without cause by Federated, Gunnerson accepted an offer of employment by Stage Stores, Inc.

27. Following his termination without cause by Federated, Malashock accepted an offer of employment by Stage Stores, Inc.

28. Stage Stores, Inc. is not in material competition with May (as now merged with Federated) or any of its divisions or subsidiaries as defined by paragraph 5(b)(iii) of the Employment Agreements. As such, Stage Stores, Inc. is not a Competing Business of May (as now merged with Federated) or any of its divisions or subsidiaries as defined by paragraph 5(b)(iii) of the Employment Agreements.

29. Plaintiffs Netzel, Gunnerson, and Malashock are not employed by a Competing Business as defined by paragraph 5(b)(iii) of the Employment Agreements, and are therefore each entitled to their basic compensation for the respective remaining period of the contract term stated in each of the Employment Agreement.

30. Although Netzel has honored and continues to honor all of her obligations under paragraph 5 of her Employment Agreement, Federated has failed and refused to pay her the $84,000

in basic compensation for the non-competition period as required by paragraph 4(c) of Netzel's Employment Agreement.

31. Although Gunnerson has honored and continues to honor all of his obligations under paragraph 5 of his Employment Agreement, Federated has failed and refused to pay him the $331,191.59 in basic compensation for the non-competition period as required by paragraph 4(c) of Gunnerson's Employment Agreement.

32. Although Malashock has honored and continues to honor all of his obligations under paragraph 5 of his Employment Agreement, Federated has failed and refused to pay him the $360,000 in basic compensation for the non-competition period as required by paragraph 4(c) of Malashock's Employment Agreement.

## COUNT I – BREACH OF JEANICE NETZEL'S EMPLOYMENT AGREEMENT

33. The allegations stated in Paragraphs 1 through 32 of this Complaint are incorporated by reference herein with the same force and effect as if set forth fully below.

34. Paragraph 4(c) of Netzel's Employment Agreement requires Federated to pay Netzel her basic compensation for six months following termination without cause.

35. While Federated has paid Netzel for one month's salary, Federated has failed and refused to pay Netzel her basic compensation as required by paragraph 4(c) of Netzel's Employment Agreement for the remaining five months.

36. Federated has breached paragraph 4(c) of Netzel's Employment Agreement by failing to pay the amount due to Netzel.

37. Federated's failure to pay Netzel her basic compensation for five months has damaged Netzel in the amount of $84,000.

38. Because the damages sought are liquidated in nature and subject to ready computation, plaintiff is entitled to recover prejudgment interest.

6

WHEREFORE, Plaintiff Netzel respectfully requests that the Court enter judgment in her favor and against Defendant, in the amount of $84,000 together with prejudgment interest through the date of judgment, and her costs herein expended.

### COUNT II – BREACH OF JON GUNNERSON'S EMPLOYMENT AGREEMENT

39. The allegations stated in Paragraphs 1 through 32 of this Complaint are incorporated by reference herein with the same force and effect as if set forth fully below.

40. Paragraph 4(c) of Gunnerson's Employment Agreement requires Federated to pay Gunnerson his basic compensation for one year following termination without cause.

41. Federated has failed and refused to pay Gunnerson his basic compensation as required by paragraph 4(c) of Gunnerson's Employment Agreement.

42. Federated has breached paragraph 4(c) of Gunnerson's Employment Agreement by failing to pay the amount due to Gunnerson.

43. Federated's failure to pay Gunnerson his basic compensation for one year has damaged Gunnerson in the amount of $331,191.59.

44. Because the damages sought are liquidated in nature and subject to ready computation, plaintiff is entitled to recover prejudgment interest.

WHEREFORE, Plaintiff Gunnerson respectfully requests that the Court enter judgment in his favor and against Defendant, in the amount of $331,191.59 together with prejudgment interest through the date of judgment, and his costs herein expended.

### COUNT III – BREACH OF STEVE MALASHOCK'S EMPLOYMENT AGREEMENT

45. The allegations stated in Paragraphs 1 through 32 of this Complaint are incorporated by reference herein with the same force and effect as if set forth fully below.

46. Paragraph 4(c) of Malashock's Employment Agreement requires Federated to pay Malashock his basic compensation for one year following termination without cause.

47. Federated has failed and refused to pay Malashock his basic compensation as required by paragraph 4(c) of Malashock's Employment Agreement.

48. Federated has breached paragraph 4(c) of Malashock's Employment Agreement by failing to pay the amount due to Malashock.

49. Federated's failure to pay Malashock his basic compensation for one year has damaged Malashock in the amount of $360,000.

50. Because the damages sought are liquidated in nature and subject to ready computation, plaintiff is entitled to recover prejudgment interest.

WHEREFORE, Plaintiff Malashock respectfully requests that the Court enter judgment in his favor and against Defendant, in the amount of $360,000 together with prejudgment interest through the date of judgment, and his costs herein expended.

ARMSTRONG TEASDALE LLP

BY: /s/ William M. Corrigan
William M. Corrigan, Jr.      #2879
Jay A. Summerville             #4502
Amy K. Sung                   #526444
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
(314) 621-5065 (facsimile)
wcorrigan@armstrongteasdale.com
jsummerville@armstrongteasdale.com
asung@armstrongteasdale.com

ATTORNEYS FOR PLAINTIFFS